IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 025-cv-03017-GPG-TPO

KHRISTYNE BATZ BARRENO,

      Petitioner,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity,
ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs
Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official
capacity;
TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official
capacity; and
PAMELA BONDI, Attorney General of the United States, in her official capacity;

      Respondents.

---

## ORDER

    Before the Court is the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1). The

Court GRANTS IN PART the Petition. Because the briefing demonstrates that Petitioner

Khristyne Batz Barreno's (Petitioner) challenge is fundamentally legal in nature, the Court

declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I.  BACKGROUND

    This case is one of numerous cases in this District and across the country seeking habeas

relief for immigrants detained within the United States and denied bond hearings under a new

interpretation of 8 U.S.C. §§ 1225, 1226.

Petitioner, born as Fredy Ricardo Batz Barreno, is a transgender woman who is a native of Guatemala (D. 1 at 2).[1] She is seeking asylum and withholding of removal under the Immigration and Nationality Act (INA) and Convention Against Torture (CAT) (*id*.). She arrived in the United States around August 2018 (*id*. at 8). She was taken into custody by U.S. Immigration and Customs Enforcement (ICE) around July 12, 2024 (*id*. at 9).

On January 3, 2025, at Petitioner's request, an Immigration Judge (IJ) held a custody redetermination hearing for Petitioner and denied Petitioner's request for a bond, finding that Petitioner failed to meet her burden to show that she is not a danger to the community or a flight risk (D. 14 at 5–6). The government has, thereafter, changed the alleged statutory basis for detaining Petitioner from 8 U.S.C. § 1226(a), which makes detention discretionary, to § 1225(b)(2), which does not (*id*. at 7; D. 1 at 5–7).

At least at the time the Petition was filed, Petitioner was held by ICE at its facility in Aurora, Colorado (D. 1 at 2).

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

---

[1] The Court takes its facts from the Petition, which is verified (D. 1 at 34). Defendants generally do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 14).

### III. ANALYSIS

This Petition raises two issues. First, whether Petitioner was entitled to a bond hearing. Second, whether the bond hearing provided to Petitioner satisfied due process. As one among many similar cases, the issues presented here have been litigated before.

**A. Petitioner Was Entitled to a Bond Hearing.**

Regarding whether Petitioner was entitled to a bond hearing, Respondents raise essentially identical arguments to those that they raised in prior cases in this District. *Compare* D. 14 at 8–11 *with Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) ("First, that the Court lacks jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.' ECF No. 7 at 7. Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute. *Id.* Third, that Petitioner has received adequate process. *Id.*"). These arguments have been considered and rejected by other Judges in this District. *Id.*; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct. 17, 2025), ECF 33. Respondents make no attempt to distinguish the authority rejecting their arguments.[2] The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis.

Accordingly, the Court finds that it has jurisdiction to hear Petitioner's challenge to her detention because her "claims are legal in nature and challenge specific conduct unrelated to

---

[2] The one case reaching a contrary result discussed by Respondents, *Chavez v. Noem*, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), is not persuasive. As other courts have judiciously explained, *Chavez* relies on a flawed analyses of only an incomplete portion of the statutory provision at issue. *Cerritos Echevarria*, v. *Bondi*, No. CV-25-03252-PHX-DWL-ESW, 2025 WL 2821282, at *4, *8 (D. Ariz. Oct. 3, 2025); *Cordero Pelico*, , v. *Polly Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *14 (N.D. Cal. Oct. 3, 2025) ("Petitioners here agree that they are 'applicants for admission.' They contest whether they are 'applicants for admission . . . *seeking admission*' within the scope of 1225(b)(2), an issue the [*Chavez*] district court did not address at all.").

3

removal proceedings." *Garcia Cortes*, 2025 WL 2652880, at *2. Because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject her to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does [s]he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions." *Id*. at *3. Accordingly, Petitioner was entitled to a bond hearing.[3]

### B. Due Process Requires the Government Bear the Burden of Proof at the Bond Hearing.

Respondents argue that the Court should reject Petitioner claims that she is entitled to another bond hearing as a matter of due process because the hearing she received was constitutionally inadequate (D. 14 at 11). This issue amounts to a dispute over the amount of process due to a noncitizen under the Due Process Clause in cases where a detainee is entitled to a bond hearing. Respondents assert that no process is due or, even if a hearing is required, that the government need not bear any burden (*id*. at 11–14). Petitioner contends that the government must bear a burden of proof by clear and convincing evidence where, as here, liberty is at stake (D. 1 at 17).

Several other Judges in this District have directly addressed this issue. In *Diaz-Ceja v. McAleenan*, No. 19-CV-00824-NYW, 2019 WL 2774211 (D. Colo. July 2, 2019), District Judge Nina Y. Wang found that the "framework established in . . . involuntary civil detention pending trial or mental health treatment" should be applied. *Id*. at *9. After weighing the relative interests

---

[3] Respondents cite this Court's decision in *Bonilla Espinoza v. Ceja*, 25-cv-01120 (D. Colo. May 21, 2025), ECF No. 11 at 21. That case, unlike this one, dealt with a circumstance where the statutory scheme allowed for detention without hearing. *Id*. In this instance, the statutory scheme *requires* Petitioner be provided a bond hearing. Therefore, failure to do so violates due process.

of the government and noncitizens, she concluded that the "current scheme of placing the burden on Petitioner to prove that [s]he should be released on bond contravenes due process requirements." *Id*. at *10.  Judge Wang rejected the argument that the government should bear a clear and convincing burden on all issues and, instead, applied a standard that mirrored the Bail Reform Act, where the government must prove flight risk by a preponderance of the evidence and danger to the community by clear and convincing evidence. *Id*. at 11.

In *Basri v. Barr*, 469 F. Supp. 3d 1063 (D. Colo. 2020), District Judge Daniel D. Domenico found that "the Fifth Amendment clearly does not require the government to bear the burden of proof in bond proceedings" because it "can detain an alien *without* bond for the entirety of his removal proceedings" under certain statutes, including § 1226(c). *Id*. at 1073–74.

In *L.G. v. Choate*, 744 F. Supp. 3d 1172 (D. Colo. 2024), District Judge Regina M. Rodriguez found that the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), "is appropriate when determining what process is constitutionally due" and applied it. *Id*. at 1181.  She found that the first two factors, (1) the private interest that will be affected by the official action and (2) the risk of an erroneous deprivation through the procedures used and the probable value, if any, of additional or substitute procedural safeguards, weighed in favor of the Petitioner because of the importance of liberty and the governments substantial resources relative to the difficulty of the Petitioner proving a negative while incarcerated. *Id*. at 1182–84.  Judge Rodriguez found the third factor, (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, to be neutral in instances of long-term detention. *Id*. at 1185.

5

After carefully considering these cases and related authority, the Court finds the three-factor *Mathews* test is the appropriate standard to apply in making the determination of what the Due Process Clause requires. Notably, the *Mathews* test applies to determine the procedural due process protections that a particular situation demands, which are at issue here. *Mathews,* 424 U.S. at 334. By contrast, the due process principles referenced in *Diaz-Ceja,* namely, those discussed in *Kansas v. Hendricks,* 521 U.S. 346, 356 (1997), *United States v. Salerno*, 481 U.S. 739, 746 (1987), and *Addington v. Texas,* 441 U.S. 418, 425 (1979), relate to issues of substantive due process. The substantial authority discussed in *Basri* indicates that, as a matter of *substantive* due process, noncitizens do not have a right to bond hearings and that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). This is, however, an instance where noncitizens are entitled to a bond hearing by statue for the reasons discussed above. In *Mathews,* the Supreme Court addressed the process due before revocation of a statutory interest in property, namely cash disability benefits, secured by the Due Process Clause. *Mathews*, 424 U.S. at 332. Here, by applying the same principles, the Court must determine what process is due before depriving noncitizens of a statutory liberty interest secured by the Due Process Clause.

The Court agrees with and adopts the reasoning in *L.G.* regarding the weighing of *Mathews* three factors. Unfortunately, in this case again, Respondents fail to substantively address the government's resources and any additional administrative burden that would come with applying the burden of proof to the government (D. 14 at 13–15). *See L.G.,* 744 F.Supp.3d at 1183 ("The government does not address two of Petitioner's strongest arguments – the difficult task of proving a negative and the resources of the government.") and at 1185 ("The government does not explain

what the fiscal or administrative burden would be if it was required to carry the burden at a bond

hearing."). "Given that the first two of the three factors weigh in Petitioner's favor and the third

factor is neutral, the Court finds that the current scheme of placing the burden on Petitioner to

prove that [s]he should be released on bond contravenes due process." *Id*. at 1185.

In consideration of what process is due, however, the Court reaches a different conclusion

than *L.G.* as to the burden that should be applied to the government. Ultimately, as *L.G.* itself

states, "there is 'no persuasive justification to conclude that the same noncitizen must face different

standards for the same actions, depending upon the forum, i.e., an administrative charge for

removal versus a criminal charge of illegal reentry.'" *L.G.,* at 1186 (quoting *Diaz-Ceja*, 2019 WL

2774211 at *11). There is, likewise, no reason that the government should bear a greater burden

depending on the forum for detention in relation to the same actions. ICE and U.S. Immigration

and Customs Enforcement, in a similar fashion and with similar resources to federal law

enforcement agencies, arrests and seeks to deprive individuals of their liberty interests secured by

the Due Process Clause. And "'[i]t is well established that the Fifth Amendment entitles aliens to

due process of law in deportation proceedings.'" *Demore*, 538 U.S. at 511 (quoting *Reno v. Flores*,

507 U.S. 292, 306 (1993)). Accordingly, the Court agrees with *Diaz-Ceja* that the appropriate

standard should be the same standard applied in criminal proceedings such that the "government

must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to

any other person or to the community by clear and convincing evidence." *Diaz-Ceja*, 2019 WL

2774211 at *11 (adopting the standard from the Bail Reform Act) (quotations marks and internal

citations omitted). Accordingly, the Court finds that Respondents failure to provide Petitioner

with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights. Her continued detention without such a hearing is, therefore, unlawful.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing her continued detention is proper and was proper at the time of her arrest. Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that she is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether she has been granted bond, and, if her request for bond was denied, the reasons for that denial.

DATED November 14, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge